**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 15-15-DLB-EBA**

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

**v.**                      **MEMORANDUM OPINION AND ORDER**

**RICHARD E. PAULUS, M.D.**                                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit for reconsideration of Defendant Paulus's Motion for a New Trial (Doc. # 298). *See* (Docs. # 325, 326 and 329).

On September 3, 2015, a federal grand jury returned an Indictment charging Defendant Paulus, a former cardiologist, with committing healthcare fraud and making false statements, on the theory that he exaggerated the extent of blockages in his patients' arteries so he could perform and bill for medically unnecessary cardiac stent procedures.[1] (Doc. # 1 at 11). On October 28, 2016, after twenty-three days of trial and four days of deliberations, a jury convicted Paulus of one count of health care fraud in violation of 18 U.S.C. § 1347, and ten counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035.[2] (Doc. # 276). At the close of the

---

[1]     The underlying facts of this case have been set forth in detail by the district court in previous opinions and by the Sixth Circuit on appeal, and will not be revisited herein. *See* (Docs. # 318 and 325).

[2]     The jury acquitted Paulus on five other false-statement counts under 18 U.S.C. § 1035. *Id.*

Government's case, Paulus filed a Motion for Judgment of Acquittal, the consideration of which was deferred pursuant to Rule 29(b) of the Federal Rules of Criminal Procedure. (Doc. # 220). After his conviction, Paulus renewed his Motion for Judgment of Acquittal (Doc. # 263) and filed the subject Motion for a New Trial. (Doc. # 298).

On March 7, 2017, the Court granted Paulus's Motion for Judgment of Acquittal, denied the Renewed Motion for Judgment of Acquittal as moot, and conditionally granted the Motion for a New Trial. (Docs. # 318 and 319). However, on June 25, 2018, the Sixth Circuit reversed the judgment of acquittal on appeal and reinstated the jury's verdict, finding that the Government produced sufficient evidence to support the guilty verdict. (Doc. # 325). The Sixth Circuit also vacated the conditional order granting a new trial and remanded for reconsideration. *Id.* The mandate issued on July 19, 2018, restoring jurisdiction over the matter in this Court.

With the Court's leave, Paulus filed supplemental briefing in support of his Motion for a New Trial. (Docs. # 332 and 335). The Government filed its response brief on September 12, 2018 (Doc. # 338), and Paulus filed his reply brief on September 26, 2018 (Doc. # 343). Accordingly, Defendant's Motion for a New Trial is now ripe for the Court's consideration. For the reasons set forth herein, Defendant's motion is **denied**.

## II. ANALYSIS

### A. New Trial Standard

A new trial may be granted pursuant to Rule 33 of the Federal Rules of Criminal Procedure "if the interest of justice so requires." Fed. R. Crim. P. 33. New trial motions "are disfavored and should be granted with caution." *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001). Generally, a new trial is unwarranted unless a defendant

demonstrates that the verdict was against the "manifest weight of the evidence." *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015) (quoting *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010)). *See also United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (stating that Rule 33 motions "are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict.").

The standard for a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure is broader than a motion for acquittal pursuant to Rule 29. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). A motion for acquittal challenges the *sufficiency* of the evidence and examines whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In contrast, a motion for new trial under Rule 33 challenges the *weight* of the evidence and asks the trial judge to use his or her independent judgment to assess whether the manifest weight of the evidence supports the verdict. *Id.*

Pursuant to this standard, "[w]hen considering a motion for new trial based upon the weight of the evidence, district judges can act in the role of a 'thirteenth juror' and consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice." *United States v. Lutz*, 154 F.3d 581, 596 (6th Cir. 1998) (citing *Ashworth*, 836 F.2d at 266). The district court "must weigh the evidence, compare the opposing poofs, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence." *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1234 (6th Cir. 1992) (internal citations omitted). However, the district court "should deny the motion if the verdict is one which could reasonably have been reached," and the jury's verdict "is not unreasonable simply because different inferences and conclusions could have been

drawn or because other results are more reasonable." *Id.* "The defendant bears the burden of showing that a new trial ought to be granted." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991); *United States v. Cureton*, No. 6:14-CR-20-DCR, 2015 WL 3673768, at *2 (E.D. Ky. June 11, 2015) (internal citations omitted).

> **B.    A new trial is unwarranted on remand because this Court conditionally granted the new trial on the same basis that it granted the acquittal.**

Based upon the procedural posture of this case, determination of the subject Motion for a New Trial on remand is impacted by the Sixth Circuit's ruling on the Motion for Judgment of Acquittal. This Court granted Paulus's Motion for Judgment of Acquittal upon its finding that "there was insufficient evidence at the close of the Government's case-in-chief to support the jury's verdict." (Doc. # 318 at 5). Specifically, "the expert testimony and angiogram evidence at trial failed to prove that degree of stenosis is an *objectively verifiable fact* subject to proof or disproof" but rather "the evidence in this case established that degree of stenosis is a *subjective medical opinion*, incapable of confirmation or contradiction." (Doc. # 318 at 16-20) (emphasis in original) (citing *United States v. St. Mark's Hosp.*, No. 2:16-cv-304, 2017 WL 237615, at *8 (D. Utah Jan. 19, 2017), *rev'd and remanded sub nom. United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730 (10th Cir. 2018)). Accordingly, this Court concluded that "[b]ecause the degree of stenosis is a subjective opinion, a reasonable jury could not conclude, beyond a reasonable doubt, that Dr. Paulus made a false statement." (Doc. # 318 at 20). A finding that the Government failed to prove fraudulent intent was based upon a similar analysis of the angiogram evidence. *Id.* at 32.

On appeal, the Sixth Circuit reversed the judgment of acquittal and reinstated the jury's verdict. Pointing to its decision in *United States v. Persaud*, 866 F.3d 371 (6th Cir.

4

2017), which was decided shortly after this Court's ruling on Paulus's Motion for Judgment of Acquittal, the Sixth Circuit determined that a patient's degree of stenosis is a fact capable of objective proof or disproof:

> [a] doctor who deliberately inflates the blockage he sees on an angiogram has told a lie; if he does so to bill a more expensive procedure, then he has also committed fraud. Even state-of-the-art scientific measurements may sometimes be imprecise. But in these circumstances, it is up to the jury— not the court—to decide whether the government's proof is worthy of belief. *See Persaud*, 866 F.3d at 383; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

(Doc. # 325 at 9). Accordingly, the Sixth Circuit held that there was sufficient evidence to support the jury's verdict, and the verdict was reinstated. *Id.*

Turning to Paulus's Motion for a New Trial, when a court grants a judgment of acquittal, it must also "conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed" and "must specify the reasons" for granting or denying the new trial so that the appellate court may review for abuse of discretion to determine whether the district court relied on clearly erroneous factual findings. (Doc. # 325 at 13) (citing Fed. R. Crim. P. 29(d)(1)). The Sixth Circuit found that the Order granting Paulus's Motion for a New Trial did not provide the requisite explanation pursuant to Rule 29(d)(1) for the Court's determination that the jury's verdict was against the weight of the evidence. (Doc. # 325 at 13-14). As a result, the Sixth Circuit determined that "we cannot determine whether the district court abused its discretion" in granting Paulus a new trial because it was unclear whether the new trial was granted for the same reasons as the judgment of acquittal, or whether "the district court simply 'disagree[d] with the jury's resolution of conflicting evidence.'" *Id.* at 14 (citing *Lutz*, 154 F.3d at 589).

The Sixth Circuit therefore vacated the order granting a new trial and remanded for reconsideration in light of its determination that this Court "improperly applied the law when ruling that angiogram interpretations cannot be false and that things such as abnormally high salary or procedure rate cannot be probative of fraudulent intent." (Doc. # 325 at 14). The Sixth Circuit directed that, on remand, "[i]f, after giving due respect to the weight of a jury verdict in our criminal-justice system, the district court still finds that the verdict was against the manifest weight of the evidence and resulted in a miscarriage of justice, then it should provide a detailed analysis explaining why." (Doc. # 325 at 14). On the other hand, "if the district court conditionally granted a new trial for the same reasons—and only the same reasons—that it granted a judgment of acquittal, then it abused its discretion" and a new trial is not warranted. *Id.*

Based upon the Sixth Circuit's directive, a new trial is improper on remand because this Court conditionally granted Defendant's Motion for a New Trial pursuant to Rule 33 for precisely the same reason that it granted the Motion for Judgment of Acquittal pursuant to Rule 29. Mirroring its Rule 29 analysis, this Court previously found that the verdict was against the manifest weight of the evidence, warranting a new trial under Rule 33, because there was insufficient evidence of criminal intent or falsity. (Doc. # 318 at 48). The Court's reasoning for this conclusion was precisely the same "as detailed in the analysis of Dr. Paulus's Rule 29 motion . . . [that] the Government failed to prove, beyond a reasonable doubt, that Dr. Paulus made an objectively false statement or acted with fraudulent intent." (Doc. # 318 at 51). In light of the Sixth Circuit's reversal, therefore, a new trial is not warranted. (Doc. # 325 at 14).

6

Based upon the language of the Sixth Circuit's opinion, Paulus's supplemental briefing in support of a new trial (Docs. # 332, 335 and 343) largely[3] attempts to provide a detailed analysis in support of a finding that the verdict was against the manifest weight of the evidence. Paulus points to a litany of evidentiary points and characterizes the evidence in line with the defense's position. *See id.* The Court has carefully reviewed the record and Paulus's arguments. However, after giving due respect to the weight of a jury verdict in our criminal-justice system, *see* (Doc. # 325 at 14), based upon the totality of the evidence presented, and in light of the Sixth Circuit's ruling, the Court finds that the verdict was not against the manifest weight of the evidence. None of Defendant's arguments—when viewed either individually or collectively—lead the Court, acting as the thirteenth juror and weighing the credibility of the witnesses and the weight of the evidence—to conclude that the Defendant has shouldered his burden to demonstrate that the jury's verdict rises to the level of the requisite "extraordinary circumstance where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593. Defendant's arguments merely support a finding that "different inferences and conclusions could have been drawn . . . [or] are more reasonable." *Woodbridge*, 954 F.2d at 1234. Because the degree of stenosis is not merely a subjective opinion, a

---

[3] Paulus also asserted on remand that newly-discovered evidence *could* show that one of the Government's expert witnesses, Dr. Moliterno, "had an undisclosed motive to curry favor" with the United States. (Doc. # 332 at 4). Such evidence, according to Paulus, "raises substantial questions as to whether the government knew of Dr. Moliterno's bias and motive to curry favor . . . but failed to disclose material impeachment evidence related to its key witness to the defense" in violation of "its disclosure obligations" pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Id.* at 2-4. Defense counsel indicated he "is presently investigating these issues and respectfully advises the Court of Dr. Paulus's intent to seek discovery from the government to facilitate his investigation and his potential preparation of a second motion for a new trial on the basis of this newly discovered evidence." (Doc. # 332 at 5). However, Paulus did not address this issue in his Supplemental Brief in Support of Motion for New Trial. (Doc. # 335). In his Supplemental Reply Brief, Paulus merely noted in passing that he "continues to investigate that claim and, if warranted, will file a separate motion for a new trial on that ground." (Doc. # 343 at 2). Accordingly, Paulus's newly-raised claim is not ripe for review.

reasonable jury could conclude, beyond a reasonable doubt, that Dr. Paulus made a false statement and acted with fraudulent intent. (Doc. # 325 at 11). Accordingly, as the Court finds that the jury's verdict is one which was reasonably reached, a new trial is not warranted. *Woodbridge*, 954 F.2d at 1234. Paulus's Motion for a New Trial (Doc. # 298) is therefore **denied**.

III. **CONCLUSION**

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

(1) Defendant's Motion for a New Trial (Doc. # 298) is **denied**; and

(2) This matter is hereby scheduled for a **Telephonic Status Conference** on **Wednesday, November 21, 2018 at 11:30 a.m.** to schedule sentencing proceedings in this matter. Counsel for the parties shall **dial in** to this conference call five (5) minutes before the scheduled time by calling AT&T Teleconferencing at **1-877-336-1839** and entering access code **8854898**.

This 14th day of November, 2018.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\Ashland Criminal\2015\Paulus Orders\15-15 MOO on MNT.docx

8