**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 15-CR-15-DLB**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**vs.**                       **UNITED STATES'S *EX PARTE* MOTION TO**
**RESOLVE DISCOVERY ISSUE**

**RICHARD E. PAULUS, M.D.**                                **DEFENDANT**

**\* \* \* \* \* \* \* \***

The United States moves the Court to address and resolve a discovery issue and

privilege claim made by King's Daughters Medical Center ("KDMC") regarding

information that could be potentially beneficial to the Defendant at sentencing. The

background to this issue is outlined in *ex parte* filings submitted in August 2016. *See*

Docket Entry ("DE") 156.

In short, following the initiation of a civil investigation into KDMC's cardiology

practices, the hospital conducted a review of 1,049 stent procedures performed by

Defendant Paulus, and concluded that 75 of them had blockages of 30% or less. KDMC

sent that information to the United States with a refund of $1,088,991.21 – the payment

associated with those procedures. *See* Exhibit A, Blank Rome Letter Dated November 8,

2013. KDMC maintains that the communication to the U.S. Attorney's office and the

results of the medical review are covered by Federal Rule of Evidence 408, and that

disclosure of the information to the United States did not waive any attorney-client

privilege or attorney work product protection.  *Id*.  Throughout the civil and criminal

litigation, the United States has disagreed that the information is privileged and

maintained that the underlying facts of KDMC's medical review were not confidential

attorney-client communications, nor records or impressions of KDMC's counsel or

prepared at the direction of counsel.  The United States sought to use the information at

trial, and asked this Court to resolve the privilege dispute.  *See* DE 156.

In resolving that dispute, this Court held the information was not admissible at

trial and therefore need not be disclosed, without resolving whether it is actually

privileged.  The Court noted, "[h]owever, if, at sentencing, this comes up and the

defendant's convicted and we have an issue of loss, then I think it might be an issue that

would need to be disclosed in a confined setting.  And, of course, I won't order any

disclosure [] until I figure out the best way under Rule 502 to do it."  *See* Exhibit B,

Transcript of Sealed Hearing, at 19.

As the Court recognized two years ago, this information could be potentially

beneficial to the defense at sentencing as KDMC's findings reflect a lower percentage of

unnecessary procedures than those identified by the United States's experts.  *See* DE 351

at 6-7 (sentencing memo identifying medically unnecessary rates of 36.8% and 45.4%).

The KDMC experts found the Defendant's procedures to be problematic in less than

7.5% of the sample reviewed.  The United States has an obligation to ensure this

information is produced to the defense, to the extent it is not already known.[1]  The United

---

[1]     The information was referenced at the Daubert hearing in this case, which could have put the
Defendant on notice of it.  DE 161 at 64.  Similarly, it was referenced in negotiations with the Defendant

States moves this Court to now resolve the privilege dispute. Alternatively, without

resolving the privilege claim, the Court could disclose the information to the defense with

certain protections in place pursuant to Federal Rule of Evidence 502(d).[2]

As before, out of an abundance of caution and in deference to the third-party's

privilege claim, the United States raises this issue *ex parte* and under seal. Given

KDMC's position that disclosure to the Defendant would result in waiver of its privilege,

the United States seeks the input of the Court using a mechanism that does not require

disclosure of the allegedly privileged information to the public or the Defendant.

Submitting discovery questions in this manner is explicitly contemplated by this Court's

Discovery Order, which notes, "[i]f the Government is unsure as to the nature of any

evidence and the proper time for disclosure, then it may request an *in camera* hearing for

the purpose of resolving this issue." DE 17, Pre-Trial Order ¶ 5(e). Additionally, *ex

parte in camera* review has been used to resolve a variety of privilege disputes. *See

Convertino v. U.S. Dep't of Justice*, 795 F.3d 587, 591 (6th Cir. 2015) (using *ex parte in

camera* review to evaluate asserted privilege); *United States v. Hanna*, 661 F.3d 271, 294

(6th Cir. 2011) (approving use of an *ex parte in camera* hearing, finding "holding such

proceedings is within the discretion of the court"); *United States v. Jote's, Inc.*, 720 F.

Supp. 99, 100 (N.D. Ohio 1987) (citing *In re Walsh*, 623 F.2d 489, 494 n.5 (7th Cir.

---

and his same counsel when attempting to resolve the civil false claims act case against him in a letter
dated May 29, 2014, and additional pre-indictment correspondence dated July 21, 2014.

[2]    The information may also be probative for the Court and Probation to consider in calculating the
loss amount for sentencing purposes, as it would represent the absolute floor for an actual loss amount at
sentencing.

1980)) (discussing procedure for *in camera* review of potentially privileged documents and *ex parte* briefing, noting "it is within the trial judge's discretion to fashion an appropriate procedure" for the review of potentially privileged information).

To assure the United States is meeting its discovery obligations, particularly in light of this Court's suggestion that such information may constitute *Brady* information at sentencing, the United States requests the Court's involvement at this time. The United States also advises the Court that KDMC has requested, through counsel, the opportunity to be heard on this issue.

Respectfully Submitted,

ROBERT M. DUNCAN
UNITED STATES ATTORNEY

By:   s/ Kate K. Smith
       Kate K. Smith
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507-1612
       (859) 685-4885
       Kate.Smith@usdoj.gov