UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 15-15-DLB-EBA

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              **MEMORANDUM ORDER**

RICHARD E. PAULUS, M.D.                                              DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant's Sealed Motion to Exclude Pattern-Related Testimony by Dr. Michael Ragosta and Dr. David Moliterno (Doc. # 493). The United States has responded to the motion (Doc. # 505) and the Defendant has filed a reply (Doc. # 519).  For the reasons set forth herein, the Court will **grant** the motion.

I.

The lengthy factual and procedural history is well documented in the record and the Court need not recount it here. For the purposes of this motion, the facts are not in dispute.  The United States alleges that Defendant Paulus performed unnecessary cardiac procedures, including catheterizations and stent placements. Its case depends on establishing that he engaged in a pattern and practice of overstating the severity of his patients' coronary artery blockages. As part of its investigation in this case, the United States issued a subpoena to Defendant's then employer, King's Daughters Medical Center ("KDMC") for a number of angiograms.  KDMC complied. This "batch" of angiograms formed the basis of the United States' expert witness review.

1

Dr. Michael Ragosta reviewed a portion of the angiograms, a total of 309, in three phases. The first set of 153 were chosen by the United States from the documents provided by KDMC pursuant to subpoena. The second set of 63 and 18, and third set of 75, had already been "flagged" as problematic by another set of reviewers. Dr. Ragosta then opined as to the percentage of these procedures that he deemed to be problematic. He testified that had no knowledge of how the particular angiograms he reviewed for the United States were selected. (Transcript of Hearing, July 25, 2016, Doc. # 149 at p. 265).

Dr. David Moliterno reviewed 15 procedures that had been reviewed by Dr. Ragosta as well as another reviewer and were "flagged" as problematic by the latter. He, too, opined as to the percentage of these procedures that he deemed to be problematic. Dr. Moliterno also testified that he does not know how the angiograms provided to him for review were chosen. *Id.* at 48.

Defendant seeks to exclude the opinions of Drs. Ragosta and Moliterno under Federal Rule of Evidence 702. He argues that these opinions are unreliable because they are based upon "cherry-picked" data.

## II.

Under Rule 702, a proposed expert's opinion is admissible if (1) the witness is qualified by knowledge, skill, experience, training, or education; (2) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue; and (3) the testimony of that expert is reliable. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008). "In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court explained that Rule 702 confers a 'gatekeeping role' on trial judges to 'ensur[e] that an expert's testimony both rests on a

2

reliable foundation and is relevant to the task at hand.'" *United States v. Semrau*, 693 F.3d 510, 520 (6th Cir. 2012) (*citing Daubert*, 509 U.S. 579, 579 (1993)). "The inquiry is a 'flexible one' focused on 'principles and methodology.'" *Id.* (*citing Daubert*, 509 U.S. at 594-95). To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. *Id.* at 592–94. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. "[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Id.*

The proponent of the evidence has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171 (1987); *see also Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

Non-representative, result-driven or "cherry-picked" data is not reliable in the context of Rule 702. Opinions based upon cherry-picked data have been consistently excluded in this district. *See* I*n re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.,* 2022 WL 43244 (E.D. Ky. Jan. 5, 2022), *Ky. Waterways All. v. Ky. Utils. Co.*, 539 F. Supp. 3d 696 (E.D. Ky. 2021), *appeal dismissed*, No. 21- 5600, 2021 WL 6197328 (6th Cir. Sept. 16, 2021) and *United States v. Robinson,* 2015 WL 1479396, at *10 (E.D. Ky. Mar. 31, 2015). As Judge Caldwell recently noted, "[r]esult-driven analysis, or cherry-picking, undermines principles of the scientific method and is a

quintessential example of applying methodologies (valid or otherwise) in an unreliable fashion." *In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.,* 2022 WL 43244, at *18 (E.D. Ky. Jan. 5, 2022) (*quoting In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.* (No II) MDL 2502, 892 F.3d 624, 634 (4th Cir. 2018). Judge Reeves also recently echoed such concerns with regard to cherry-picked data, finding that "the use of non-representative data raises concerns that his approach overstates the risks actually present in the data" and that the lack of "scientific justification for the choices made in data selection" was a basis for excluding the expert testimony." *Ky Waterways All.*, 539 F.Supp. 3d at 712. The crux of the inquiry is whether the data analyzed is representative or not. *United States v. Robinson,* 2015 WL 1479396, at *10.

### III.

The United States has not carried its burden to show that pattern-related testimony from Drs. Ragosta and Moliterno is reliable and relevant and therefore admissible under Rule 702 and Daubert. Fatal to the United States' position is the methodology underlying the opinions of Drs. Ragosta and Moliterno – it is flawed. It is unclear how the United States selected the angiograms and procedures which it asked its experts to review. It is clear, however, that a significant portion of the procedures reviewed by both Drs. Ragosta and Moliterno had already been reviewed and "flagged" and, in some instances, twice flagged, as problematic. These procedures were not representative. Nor were they randomly selected. As the Defendant contends, the data to be reviewed by Drs. Ragosta and Moliterno was "curated." The procedures presented for review were already deemed problematic by other reviewers who had, presumably, not "flagged" the procedures which

4

they found acceptable. The deck was stacked against Defendant in the guise of a representative sample. This is textbook cherry-picking. As such, whatever opinions Drs. Ragosta and Moliterno formed on the basis of this data are inherently unreliable insofar as they purport to draw conclusions as to Defendant's practice. In other words, they may not opine as to a pattern. The Court will not exclude their testimony in its entirety. Drs. Ragosta and Moliterno may testify as to the specific angiograms and procedures they reviewed. However, their testimony to any patterns in Defendant's practice, the frequency with which they found his procedures to be problematic or any other extrapolations they made based upon their review runs afoul Rule 703 or *Daubert* and will be excluded.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Sealed Motion to Exclude Pattern-Related Testimony by Dr. Michael Ragosta and Dr. David Moliterno (Doc. # 493) be **GRANTED** insofar as it relates to these witnesses testifying as to a pattern.

This 20th day of September 2023.



Signed By:
David L. Bunning
United States District Judge