# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# ASHLAND

CRIMINAL ACTION NO. 15-15-DLB-EBA

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                      **OMNIBUS MEMORANDUM ORDER**

RICHARD E. PAULUS, M.D.                                    DEFENDANT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court upon several defense motions:

(1) Defendant's Motion to Exclude Prior Trial Testimony (Doc. # 500);

(2) Defendant's Motion to Exclude KBML Agreed Order of Retirement and Stipulations Therein (Doc. # 501);

(3) Defendant's Omnibus Motion In Limine (Doc. # 509);

(4) Defendant's Motion In Limine Regarding KDMC's Review (Doc. # 530); and

(5) Defendant's Motion to for *Brady* and *Giglio* Material in Possession of Medicare Contractors (Doc. # 532).

The motions have been fully briefed by the parties. For the reasons set forth herein, the Court will **grant** the motions in part and **deny** the motions in part.

## I.     Defendant's Motion to Exclude Prior Trial Testimony

Defendant seeks the exclusion of his testimony from the 2016 trial in this matter from the evidence that may be presented at his upcoming trial. He argues that his prior testimony was impelled by the United States' *Brady* violation and, as such, is inadmissible under *Harrison v. United States*, 392 U.S. 219 (1968).

1

In *Harrison*, the United States Supreme Court set forth the well-established rule that a defendant's prior testimony generally is admissible against him in a subsequent proceeding. *Harrison*, 392 U.S. at 222. However, the *Harrison* Court then delineated an exception to this rule: when a defendant's decision to testify is induced by the prosecutions' introduction of wrongfully obtained confessions, the prior testimony may not be used against the defendant. *Id.* at 222-223.

Defendant asks this Court to find that his decision to testify in 2016 was induced by the United States' *Brady* violation and, as such, pursuant to *Harrison*, that testimony should be excluded in the upcoming trial. Defendant's argument is compelling. After all, the Shields letter was not known to Defendant until after the remand from the Sixth Circuit Court of Appeals in 2018. That letter indicated that a much smaller percentage of Defendant's procedures were medically dubious than the United States alleged and tried. Thereafter, in 2020, in *United States v. Paulus*, 952 F.3d 717 (6th Cir. 2020) (Paulus II) the Sixth Circuit held that the failure to disclose the letter violated Defendant's Fifth Amendment due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 724.

As the Defendant may not have testified at the prior trial had the Shields letter been admitted, his decision to testify was likely induced by the *Brady* violation. In this scenario, the Court believes that the proper decision is to preclude the United States from using Defendant's prior trial testimony in its case-in-chief. To rule otherwise would invite a level of unfairness to the upcoming trial which the Court will not allow.

In the same vein, the Court finds that the introduction of Defendant's prior testimony, even if deemed relevant, will likely confuse and mislead the jury, resulting in undue prejudice to the Defendant. Therefore, it is not admissible under Rules 401-403.

Under Rule 402, "[e]vidence which is not relevant is not admissible." "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. However, even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. "'Unfair prejudice' in the context of Rule 403 means an undue tendency to suggest a decision based on improper considerations.'" *United States v. Wright*, 102 F. App'x 972, 979 (6th Cir. 2004) (*citing United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) and *United States v. Lucas*, 357 F.3d 599, 606 n. 2 (6th Cir. 2004). Defendant's prior testimony checks all of Rule 403's boxes – unfair prejudice, confusion, misleading the jury, undue delay, waste of time. As such, the Court will exclude it from the United States' case-in-chief.

However, to the extent Defendant chooses to testify during the upcoming trial, the United States will be permitted to use his prior testimony for impeachment purposes only.

For these reasons, Defendant's motion is **granted in part** as it pertains to the United States' case-in-chief and **denied in part** for impeachment purposes.

II. **Defendant's Motion to Exclude KBML Agreed Order of Retirement and Stipulations Therein**

Defendant asks the Court to exclude the November 7, 2014 Agreed Order of Retirement (the "Retirement Order") and the Stipulations therein from the evidence that may be presented at his upcoming trial. The Sixth Circuit has already affirmed its introduction as relevant substantive evidence. *United States v. Paulus*, 894 F.3d 267, 280

(6th Cir. 2018) (Paulus I). Defendant seeks to re-cast this issue as "entirely different that what the Sixth Circuit decided in 2018." (Doc. # 517, p. 2). The Court disagrees and finds no reason to stray from the appellate court's decision in *Paulus I*. Therefore, The Court will **deny** this motion.

### III. Defendant's Omnibus Motion In Limine

Defendants seeks exclusion of several items from the evidence that may be presented at his upcoming trial.

#### A. Emails and Conduct by KDMC Employees

Defendant seeks exclusion of multiple emails by KDMC employees, identified at the prior trial as Government Exhibits 462 through 465, 467 through 468, and 470. He argues that the emails are inadmissible hearsay as well as irrelevant and prejudicial. The United States maintains that these emails are not hearsay, as they were not admitted for the truth of the matter asserted, but, rather demonstrative of the Defendant's scheme to defraud.

Pursuant to the standards set forth in Rule 403, as set forth *supra*, the Court finds that introduction of these emails into evidence will likely confuse or mislead the jury. This case was not brought against KDMC, but against Defendant Paulus. This case is about **his** conduct, not the conduct of other KDMC employees. As Defendant points out, the emails were not written by him or his employees or agents. Indeed, these emails were not even sent to him. That the emails, according to the United States, "demonstrate the culture of KDMC in which Paulus was encouraged and permitted to perform unnecessary procedures, because he and hospital profited greatly" only detract from their probative

value and potential for causing the jury to confuse the issues. Therefore, the Court will **grant** the Defendant's motion in this regard.

### B. The Substance of the 2008 Anonymous Complaint

Defendant seeks the exclusion of an AdvanceMed document summarizing an anonymous complaint, identified at the prior trial as Government Exhibit 424. The United States contends that the complaint is essential as it forms the genesis of this case. It further maintains that the complaint is not being introduced to prove that Defendant is guilty but merely to frame the next steps taken by AdvanceMed which ultimately led to the indictment of Defendant. Notably, Defendant does not object to a representative of AdvanceMed stating that it received some information that led AdvanceMed to take some action.

The Court finds that the receipt of the complaint and that steps taken by AdvanceMed thereafter are relevant as contextual and background information under *United States v. Nelson*, 725 F.3d 615 (6th Cir. 2013). However, the actual substance of the complaint exceeds *Nelson*'s bounds and will not be admissible. Therefore, the Court will **grant** Defendant's motion in this regard insofar as it pertains to the substance of the complaint.

### C. The Substance of Dr. Goodman's Previously Anonymous Letter

Defendant seeks the exclusion of a letter that was sent by Dr. Henry Goodman anonymously in 2012 to the Kentucky Board of Medical Licensure, previously identified as Government Exhibit 523. The letter was sent, anonymously, by Dr. Goodman to the Kentucky Board of Medical Licensure ("KBML") voicing his concerns regarding Defendant's practice. The letter prompted the KBML to investigate.

5

Notably, Defendant does not object to a representative of the KBML stating that it received some information that led KBML to take some action. Nor does Defendant appear to object to having Dr. Goodman testify at trial. The Court finds that the receipt of the letter and steps KBML took thereafter upon are relevant as contextual and background information under *Nelson*. However, the actual substance of the letter exceeds *Nelson*'s bounds and will not be admissible. Therefore, the Court will **grant** Defendant's motion in this regard insofar as it pertains to the substance of the letter.

### D. Uncharged and Unrelated Bad Acts

Defendant seeks to broadly exclude any testimony about instances which suggest that he was a bad doctor or a bad manager. Defendant points out that in the prior trial the United States asked multiple witnesses whether Defendant may have fallen asleep while seeing patients, if they were seen by a physician's assistant rather than by him, or if patients had to wait a long time for care. Although Defendant did not object to such testimony during the first trial, he now seeks its exclusion Defendants under Ruile 404(b).

Under Rule 404(b)," [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). 5he Supreme Court held in *Huddleston v. United States,* 485 U.S. 681, 686, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988), that "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."

The Court finds that this evidence is not admissible pursuant to Rule 404(b). It is not probative of the charges against Defendant. It is not intrinsic to the charged scheme, as the United States argues. Moreover, extraneous matters as to how long a patient had

6

to wait to see Defendant or if a patient was seen by a physician's assistant will mislead the jury as to what the actual issue is in this case. As such, the Court will exclude such testimony under Rule 401 and Rule 403. Therefore, the Court will **grant** Defendant's motion in this regard.

### E.  Conduct Outside the Time Period Charged in the Indictment

Defendant seeks to exclude any evidence for conduct outside of the time period charged in the indictment, to-wit, "[f]rom on or about an exact date unknown but at least July 24, 2008 through on or about July 31, 2013." (Doc. # 1). The Court agrees that any such evidence is irrelevant and potentially confusing, and, as such, excludable under Rules 401 and 403. Therefore, the Court will **grant** Defendant's motion in this regard.

### F.  Comparison Against Proper Peer Group

Defendant seeks to exclude the charts previously identified as Government Exhibit 437a through 437e as improper peer comparisons. He concedes that some peer comparison statistics may be relevant if they are geography-based or specialty-based but objects to these specific exhibits as casting too far a net.

The Court finds that these exhibits implicate Rule 403 because they will likely confuse and mislead the jury. In addition, the issue as to which comparisons are appropriate and which are not would distract the jury from the issues in this case and likely unfairly prejudice Defendant. As such, the Court will **grant** Defendant's motion as it pertains to Government Exhibit 437a through 437e. Should the United States wish to introduce other evidence of peer comparison, it may attempt to do so by laying a sufficient foundation and by calling appropriate witnesses.

### G. Merrill Lynch Statement

Defendant objects to the admission of the Merrill Lynch portfolio summary, previously identified Government Exhibit 526. He does not contest the relevance of the Merrill Lynch statement but seeks its exclusion pursuant to Rule 403. Notably, Defendant does not dispute that the United States may argue that he benefitted financially from the allegedly fraudulent scheme. He simply argues that the Merrill Lynch statement goes too far. The Court agrees. The prejudicial impact of showing this investment account statement outweighs its probative value, especially in light of all the other ways that the government can present evidence to the jury about Defendant's income. The Court finds such evidence to be cumulative under Rule 403. As such, it will be excluded. Therefore, the Court **grants** Defendant's motion in this regard.

### H. Patients and Procedures Not Specifically Disclosed Before Trial

During the previous trial, the United States introduced the testimony of other physicians who practiced at KDMC or in Huntington, West Virginia as fact witnesses who reviewed Defendant's conduct as part of their practices but could not identify specific patients. These witnesses observed Defendant performing allegedly unnecessary cardiac procedures. Some of them provided estimates of how frequently they observed this or discussed specific instances they recalled. The Court agrees with the United States that this testimony is relevant as to whether Defendant committed the crimes charged in the Indictment. Defendant's broad objection to this testimony goes to the weight, not the admissibility of this evidence. Nor is there an undue risk of prejudice. These witnesses will likely be subject to vigorous cross-examination, as they were in the prior trial. *Daubert,* 509 U.S. at 596 ("Vigorous cross-examination ... [is a] traditional and

appropriate means of attacking shaky but admissible evidence."). As such, the Court is not inclined to exclude this testimony in its entirety at this time. Therefore, the Court will **deny** Defendant's motion in this regard.

### I. Uncharged Allegation Against Expert Witness

In his Reply, Defendant states that this aspect of his motion is moot at this time. Therefore, The Court will **deny** this portion of the motion as moot without prejudice.

### IV. Defendant's Motion In Limine Regarding KDMC's Review

Defendant seeks exclusion of certain evidence pertaining to the independent review of Defendant's procedures conducted by the American Medical Foundation ("AMF").

The Court initially notes that it denied Defendant's previous motion to exclude this evidence. (Doc. 527). At that time, the Executive Director of the AMF, Evelyn Baram-Clothier, had yet to be deposed and it was unclear how this evidence would be presented. The Court then set a schedule for the briefing of the issue following that deposition. *Id.*

In his current motion to exclude evidence pertaining to the review, Defendant states that through Ms. Baram-Clothier, the United States seeks the admission of worksheets, spreadsheets and summary spreadsheets purportedly summarizing the AMF review. It wants to present these materials without calling 20 of the 22 doctors whose worksheets are allegedly summarized, without introducing those 20 doctors' worksheets themselves, and without calling the person who created the spreadsheets and summary spreadsheets. Defendant further states the United States then intends to call the two reviewers who were most critical of him so that their opinions are amplified over those of the other reviewers who were more favorable.

The Court notes that Defendant does not object to all of the evidence of the AMF review. Defendant does not object to Baram-Clothier's testimony regarding the background and mechanics of the AMF. Nor does he object to the testimony of two of the physicians who participated in the review, Dr. Gary Schaer and Dr. Michael Lim, as to the specific procedures they reviewed as part of the 2012 review. Rather, Defendant objects to the any other testimony and all the United States exhibits to Baram-Clothier's deposition. Specifically, Defendant seeks the exclusion of the any testimony summarizing the opinions of any AMF reviewers who will not testify as well as any worksheets, spreadsheets and summaries which incorporate those opinions. Defendant argues that such evidence violates the Confrontation Clause, is barred by Rule 702 and *Daubert*, is inadmissible hearsay, and is unduly prejudicial to him.

The Court finds that the inclusion of the evidence to which Defendant objects would violate the Confrontation Clause.[1] The Confrontation Clause prohibits "the admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). "For a statement to be considered 'testimonial' under the Confrontation Clause, the declarant must have 'intended to bear testimony against the accused.'" *United States v. Collins*, 799 F.3d 554, 585 (6th Cir. 2015) (*quoting United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). Generally, "a formal report **created for the purpose of proving a fact at trial** is testimonial," and "a report written for a purpose unrelated to creating evidence or proving past events is generally

---

[1] Having concluded that inclusion of this evidence violates the Confrontation Clause, the Court need not address Defendant's other arguments.

nontestimonial." *United States v. Miller*, 982 F.3d 412, 435 (6th Cir. 2020) (emphasis added).

It is clear that the reports at issue were created for the purpose of proving a fact at trial. There is no question that the AMF review was conducted because KDMC anticipated litigation with the government. The AMF contract specifically states that the review was being conducted because KDMC had received a subpoena. (Doc. # 530-3). Further, the contract specifies that the reviewers are to be available to testify as needed. *Id.* In addition, this evidence was created to prove a fact at trial, to-wit, that an AMF reviewer reviewed an angiogram and observed a low degree of stenosis, thereby calling into Defendant's review of the same. Indeed, the AMF reviewers will opine as to the ultimate issue in this trial. As such, Defendant has a right to cross-examine these reviewers about their opinions, their notes and their observations. The government cites no cases which have interpreted the Confrontation Clause to allow a party to admit testimony and documents summarizing expert opinions on a key topic that is very much in dispute without those experts being subject to cross-examination. Indeed, a legion of case law holds otherwise. *See e.g., Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324. (2009)("[b]usiness and public records are generally admissible absent confrontation . . . because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial."). Therefore, the Court will **grant** Defendant's motion.

**V.     Defendant's Motion for *Brady* and *Giglio* Material in Possession of Medicare Contractors**

Defendant's counsel requested that the United States provide the following materials regarding any doctor whom the government called or intends to call as a

witness, including Dr. Michael Lim and Dr. Gary Schaer, who reviewed angiograms on behalf of AMF:

- "Audits or investigations conducted by Medicare or a contractor"

- "Requests for repayment made by Medicare or a contractor"

- "Comparative billing reports sent by Medicare or a contractor"

- "In addition, to the extent that the government asks a doctor to describe his or her own practice or experience, we request Medicare Part B claims data showing claims for which the doctor is identified as the rendering physician, as such information constitutes statements that were made by the doctor or his/her agent and that are in the government's possession and thus they are covered by Title 18, United States Code, Section 3500."

(Doc. # 532-1, November 30, 2022 Email from Hilary LoCicero to Kate Smith and Pauk McCaffrey). The United States responded that "none of the material you request is in the possession of the prosecution team, and we will not commit to searching for it." *Id.*, December 5, 2022 Email from Paul McCaffrey to Hilary LoCicero.

Defendant asks the Court to compel the production of the requested data and information on the basis that Medicare and its contractors AdvanceMed and Cahaba are part of the prosecution team in this case and, as such, *Brady* requires a search of their records. The United States argues that the information sought is not within the custody and control of the prosecution team and it is not obligated to search the records of Medicare and its contractors in pursuit of the same.

Generally, the regulatory and administrative components of a government agency, such as Medicare, including the contractors involved in audits, are separate entities from the law enforcement team who worked on this case, and are beyond the scope of criminal discovery obligations. However, there are circumstances in which the close coordination and overlap between a prosecution team and a federal agency render the latter as part

12

of the former and impute discovery obligations onto the agency. *See e.g., United States v. Palma*, Case No. 2020 WL 6743144, *8 (E.D. Mich. Nov. 17, 2020)(granting defendant's motion for discovery from the EPA finding that EPA civil personnel were "in frequent contact with prosecutors and EPA criminal investigators throughout the investigation and that they "were involved in the investigation and provided detailed information regarding the facts and allegations that led to the indictment in this case."); *United States v. Skaggs*, 327 F.R.D. 165, 174 -175 (S.D. Ohio 2018)( finding that "the military participated in the investigation of defendant and has otherwise cooperated with his prosecution" and as such the prosecution was deemed to have control over the agency's materials "if the prosecutor has knowledge of and access to the material while it is in the possession of another federal agency."); and *United States v. Cole*, Case No. 2021 WL 5353931, *3 (N.D. Ohio Nov. 17, 2021)("[b]ecause the State Department initiated the investigation that ultimately led to [the defendant's] indictment, the State Department is considered part of the prosecution team for discovery and *Brady* purposes."). The Court notes that these cases represent the exception and not the norm.

Yet Defendant attempts to thread this narrow needle. He asserts that Medicare's contractors AdvanceMed and Cahaba are part of the prosecution team because they provided information that he received in discovery and because two individuals with AdvanceMed were witnesses at the first trial. The Court disagrees. This case differs from the cases cited *supra* in that the contact between the prosecutors and the Medicare contractors was not ongoing or in-depth. They were not working in concert or coordinating in any significant way. Therefore, the Court is not inclined to declare that Medicare and its contractors are part of the prosecution in this case.

Moreover, Defendant is not seeking discrete, targeted disclosure of specific material. His request is much broader. As the Court noted in *Skaggs*, a "sweeping interagency search" is untenable. *United Stats v. Skaggs*, 327 F.R.D. at 177. Similarly, in *Cole*, the prosecution team in Cole satisfied its discovery obligations by producing all State Department's investigatory materials relating to the defendant. *United States v. Cole*, 2021 WL 5353931, at *3. Such is the case here. The United States has represented that the materials and data obtained from Cahaba and materials supporting the testimony of the AdvanceMed witnesses have been produced. As such, it has honored its discovery obligations. The Court will not compel a broad search of material outside of its possession or control.

Notably, Defendant concedes that he could simply subpoena the information he seeks. Indeed, the Court has granted his previous motion for a subpoena to KDMC. (Doc. # 527). Yet, he maintains that he should not have to subpoena these records because the United States is obligated to produce it. His argument is without merit. Therefore, the Court will **deny** Defendant's motion.

**VI.     Conclusion**

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED** as follows:

(1) Defendant's Motion to Exclude Prior Trial Testimony (Doc. # 500) is **GRANTED** in part and **DENIED** in part, as set forth herein.;

(2) Defendant's Motion to Exclude KBML Agreed Order of Retirement and Stipulations Therein (Doc. # 501) is **DENIED**;

(3) Defendant's Omnibus Motion In Limine (Doc. # 509) is **GRANTED** in part and **DENIED** in part, as set forth herein;

(4) Defendant's Motion In Limine Regarding KDMC's Review (Doc. # 530) is **GRANTED**; and

(5) Defendant's Motion to for *Brady* and *Giglio* Material in Possession of Medicare Contractors (Doc. # 532) is **DENIED**.

This 20th day of September 2023.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\Ashland Criminal\2015\15-15 Omnibus Order re MILs.docx